Amy L. Thompson, Esq.
Nevada Bar No. 11907
Andrew S. Clark, Esq.
Nevada Bar No. 14854
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, Nevada 89169.5937
Telephone:    702.862.8800
Fax No.:       702.862.8811
athompson@littler.com
asclark@littler.com

Attorneys for Defendant
HILTON GRAND VACATIONS CLUB, LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTON NUNNERMACKER, individually, <br><br> Plaintiff, <br><br> v. <br><br> HILTON GRAND VACATIONS CLUB, LLC, a Foreign Limited-Liability Company; DOES 1 through 10; and ROE CORPORATIONS I through X, <br><br> Defendants. | Case No. 2:24-cv-02094-RFB-MDC <br><br> **STIPULATION AND ORDER TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANT'S MOTION TO DISMISS** |

Plaintiff Anton Nunnermacker and Defendant Hilton Grand Vacations Club, LLC, hereby agree and stipulate to stay discovery pending the resolution of Hilton's Motion to Dismiss, which was filed on November 15, 2024 (ECF No. 5). That motion is now fully briefed and awaiting a decision.

Courts have "broad discretion in managing their dockets." *Byars v. Western Best, LLC*, No. 2:19-cv-1690-JCM-DJA, 2020 WL 8674195, at *1 (D. Nev. Jul. 6, 2020) (citing *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997)). In exercising this discretion, "court are guided by the goals of securing the just, speedy, and inexpensive resolution of actions." *Id.*; *see also* Fed. R. Civ. P. 1. This broad discretion applies to discovery, including whether to allow or deny discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The parties agree that good cause exists

to stay discovery given that Hilton has filed a Motion to Dismiss that may be "dispositive" of Plaintiff's claims. *See Schrader v. Wynn Las Vegas, LLC*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *4 (D. Nev. Oct. 14, 2021); *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-cv-00382-GMN-MDC, 2024 WL 2302151, at *1 (D. Nev. May 21, 2024). Staying discovery here will also avoid duplicating discovery efforts and help avoid unnecessary fees associated with pursuing discovery before the Court resolves the pending Motion to Dismiss. Consistent with the foregoing, the parties agree that they will be in a better position to discuss the necessary scope of discovery that will be needed, if any, and the amount of time necessary for both sides to gather evidence, once Hilton files its Answer. Notwithstanding the foregoing, the parties agree to exchange initial disclosures under Rule 26(a)(1) on or before March 3, 2025.

Therefore, the Parties hereby agree and stipulate that:

1. All discovery in this action shall be stayed pending a decision on Hilton's Motion to Dismiss; and

2. Should the Court's Order resolving the Motion to Dismiss not result in a full dismissal of Mr. Nunnermacker's claims, then (i) the stay of discovery shall be lifted as of the date the Court enters its Order resolving the Motion to Dismiss; (ii) the Parties shall conduct a supplemental Rule 26(f) conference within fourteen days of entry of the Court's Order resolving the Motion to Dismiss; and (iii) the Parties shall file an amended Discovery Plan and Scheduling Order within twenty-one calendar days of the entry of the Court's Order resolving the Motion to Dismiss.

[*Remainder of this Page Intentionally Left Blank*]

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

2

3. Nothing in this Stipulation is intended to affect the currently scheduled Early Neutral Evaluation.

Dated: February 26, 2025

BOWEN LAW OFFICES

*/s/ Jerome R. Bowen*
Jerome R. Bowens, Esq.
Aneta Mackovski, Esq.

Attorneys for Plaintiff
ANTON NUNNERMACKER

Dated:  February 26, 2025

LITTLER MENDELSON, P.C.

*/s/ Andrew S. Clark*
Amy L. Thompson, Esq.
Andrew S. Clark, Esq.

Attorneys for Defendant
HILTON GRAND VACATIONS CLUB, LLC

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE COURT JUDGE
2-27-25

4878-2593-2286.1 / 106924-1019

3